United States of America
    Plaintiff,
    v.

Charging District's Case No. 1:22-MJ-00237

Defendant.
Raymond Chalod

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)     an identity hearing to determine whether I am the person named in the charges;
(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)     a hearing on any motion by the government for detention;
(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☑ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☐ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 11/4/2022

                        Defendant's Signature

                        LISETTE M. REID
                        United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____

**CASE NO.:** *22- mj- 03889- Reid*

UNITED STATES OF AMERICA:

    Plaintiff,

v.

USM #: *0 7720 -50 6*

               Defendant,

*Raymond Cholod* /

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ *50,000 PSB*

### STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

__ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

__ b. Report to Pretrial Services as follows: ( ✓ ) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): _____

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

__ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

__ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

__ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

__ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or ~ (X) paid by U.S. Probation;

___ Location monitoring technology at the discretion of the officer

___ Radio Frequency (RF) monitoring (Electronic Monitoring)

_✓_ Active GPS Monitoring

___ Voice Recognition

___ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

___ Home Detention: You are restricted to your residence at all times except for:

( ✓ ) medical

( ) substance abuse or mental health treatment

( ✓ ) court appearances

( ✓ ) attorney visits or court ordered obligations

( ) religious services

( ) employment

( ✓ ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment

( ) education

( ) religious services

( ) medical, substance abuse, or mental health treatment

( ) attorney visits

( ) court appearances

( ) court ordered obligations

( ) reporting to Pretrial Services

( ) other _____

— q. Third-Party Custody: _____ will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

___ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

___ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

7. ( ) The defendant shall not be involved in any children's or youth organizations.

8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: D.DC, r NDFL ,and must notify Pretrial Services of travel plans before leaving and upon return.

✗ v. Comply with the following additional conditions of bond:

Deft must reside in MDFL; Must provide hotel address to PTS & cannot move hotels w/o PTS approval

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

33

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 4 day of Nov. , 20 22 at Miami , Florida

Signed and acknowledged before me:         DEFENDANT: (Signature)

WITNESS: _____

Miami            FL                            Miami                          FL
City            State                          City                          State

### CORPORATE SURETY

Signed this _____ day of _____ , 20 ___ at _____ , Florida

SURETY: _____              AGENT: (Signature) _____

_____  _____    PRINT NAME: _____
City            State

### INDIVIDUAL SURETIES

Signed this ___ day of _____ , 20 __ at _____ , Florida    Signed this ___ day of _____ , 20 __ at _____ , Florida

SURETY: (Signature) _____              SURETY: (Signature) _____

PRINT NAME: _____                      PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____              RELATIONSHIP TO DEFENDANT: _____

_____  _____              _____  _____
City            State                          City            State

Signed this ___ day of _____ , 20 __ at _____ , Florida    Signed this ___ day of _____ , 20 __ at _____ , Florida

SURETY: (Signature) _____              SURETY: (Signature) _____

PRINT NAME: _____                      PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____              RELATIONSHIP TO DEFENDANT: _____

_____  _____              _____  _____
City            State                          City            State

### APPROVAL BY THE COURT

Date: 11-7-2021

~~JASEN CAMARAD~~
UNITED STATES MAGISTRATE JUDGE
JACQUELINE BECERRA

34

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____

**CASE NO.:** $\underline{\text{22-mj-03889-Reid}}$

UNITED STATES OF AMERICA:

Plaintiff,

v.                                                                USM #: $\underline{\text{07720-506}}$

Defendant,
$\underline{\text{Raymond Cholod}}$ /

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ $\underline{\text{50,000 PSB}}$

## STANDARD CONDITIONS OF BOND

### The conditions of this bond are that the defendant:

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

___ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

___ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

___ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

___ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( X ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ ✓ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__ Home Detention: You are restricted to your residence at all times except for:

( ✓ ) medical

( ) substance abuse or mental health treatment

( ✓ ) court appearances

( ✓ ) attorney visits or court ordered obligations

( ) religious services

( ) employment

( ✓ ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment

( ) education

( ) religious services

( ) medical, substance abuse, or mental health treatment

( ) attorney visits

( ) court appearances

( ) court ordered obligations

( ) reporting to Pretrial Services

( ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: D.DC, + NDFL ,and must notify Pretrial Services of travel plans before leaving and upon return.

✗ v. Comply with the following additional conditions of bond:

Deft must reside in MDFL; Must provide hotel address to
PTS & cannot move hotels w/o PTS approval

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 4 day of Nov. , 20 22 at Miami , Florida

Signed and acknowledged before me:    DEFENDANT: (Signature)

WITNESS: _____

Miami _____ FL _____
City              State

_____ miami _____ FL _____
City              State

### CORPORATE SURETY

Signed this _____ day of _____ , 20 ___ at _____ , Florida

SURETY: _____    AGENT: (Signature) _____

_____ _____    PRINT NAME: _____
City      State

### INDIVIDUAL SURETIES

Signed this ___ day of _____ , 20 ___ at _____ , Florida    Signed this ___ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____ _____    _____ _____
City      State                         City      State

Signed this ___ day of _____ , 20 ___ at _____ , Florida    Signed this ___ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____ _____    _____ _____
City      State                         City      State

### APPROVAL BY THE COURT

Date: 11-7-2021

~~JOSE E. MARTINEZ~~
UNITED STATES MAGISTRATE JUDGE
JACQUELINE BECERRA

40

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this ___ day of _Nov_ , 20 _22_ at _Miami_ , Florida

Signed and acknowledged before me:                    DEFENDANT: (Signature) _____

WITNESS: _____                                      ADDRESS: _____

ADDRESS: _150 u. Flagler st_                          _____ ZIP: _____

_Miami, FL_ ZIP: _33130_                              TELEPHONE:
                                                      _will be provided by PTS_

### CORPORATE SURETY

Signed this ___ day of _____ , 20 ___ at _____ , Florida

SURETY: _____                                       AGENT: (Signature) _____

ADDRESS: _____                                      PRINT NAME: _____

_____ ZIP: _____                                  TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____ , 20 ___ at _____ , Florida     Signed this ___ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____                           SURETY: (Signature) _____

PRINT NAME: _____                                   PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____                    RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____                                      ADDRESS: _____

_____ ZIP: _____                                  _____ ZIP: _____

TELEPHONE: _____                                    TELEPHONE: _____

Signed this ___ day of _____ , 20 ___ at _____ , Florida     Signed this ___ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____                           SURETY: (Signature) _____

PRINT NAME: _____                                   PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____                    RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____                                      ADDRESS: _____

_____ ZIP: _____                                  _____ ZIP: _____

TELEPHONE: _____                                    TELEPHONE: _____

## Magistrate Judge Jacqueline Becerra

| King Building Courtroom 10-6 | Date: 11/7/2022  Time: 10:00 a.m. |
|---|---|

Defendant: RAYMOND CHOLOD _____ J#: 07720-506  Case #: 22-3889-MJ-REID

AUSA: Will Rosenzweig _____ Attorney: AFPD Aimee Ferrer

Violation: WARR/COMPLAINT/DISTRICT/COLUMBIA/ASSAULTING, RESISTING OR IMPEDING CERTAIN OFFICERS

Proceeding: Bond/Removal _____ CJA Appt: _____

Bond/PTD Held: ◌ Yes ☒ No  Recommended Bond: TEMP PTD

Bond Set at: Stip $50K PSB _____ Co-signed by: _____

☒ Surrender and/or do not obtain passports/travel docs

☒ Report to PTS as directed/or _____ x's a week/month by
phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☒ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☒ Home Confinement/Electronic Monitoring and/or
Curfew _____ pm to _____ am, paid by _____

☒ Allowances: Medical needs, court appearances, attorney visits,
religious, employment & other

☒ Travel extended to: MDFL + DC

☒ Other: Deft to reside in MDFL

Language: English

Disposition:
*Brady previously given
*Deft signed waiver of identity hrg on
11/4/22
Court accepts waiver
& orders deft
removed to DC

- Deft released

- Deft must provide hotel
address and cannot move
hotels w/o PTS
approval

Time from today to _____ excluded
from Speedy Trial Clock

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 10:55:11 _____  Time in Court: 12 mins

42

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☒ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

☒ b. Report to Pretrial Services as follows: (☒) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): _____

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

__ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

__ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

☒ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

__ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

X o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – (X) paid by U.S. Probation;

    Location monitoring technology at the discretion of the officer

    __ Radio Frequency (RF) monitoring (Electronic Monitoring)

    X Active GPS Monitoring

    __ Voice Recognition

    __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

X Home Detention: You are restricted to your residence at all times except for:

    (X) medical

    ( ) substance abuse or mental health treatment

    (X) court appearances

    (X) attorney visits or court ordered obligations

    ( ) religious services

    ( ) employment

    (X) other activities as pre-approved by the supervising officer

—— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

    ( ) employment

    ( ) education

    ( ) religious services

    ( ) medical, substance abuse, or mental health treatment

    ( ) attorney visits

    ( ) court appearances

    ( ) court ordered obligations

    ( ) reporting to Pretrial Services

    ( ) other _____

—— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

—— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

___ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

___ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

7. ( ) The defendant shall not be involved in any children's or youth organizations.

8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

X u. May travel to and from: **MDFL & DC** , and must notify Pretrial Services of travel plans before leaving and upon return.

X v. Comply with the following additional conditions of bond:

Deft must reside in MDFL. Must provide hotel address, Cannot move hotels w/o PTS approval

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-MJ-3889-REID (SEALED)

UNITED STATES OF AMERICA,
          Plaintiff,

V.

Raymond Cholod,
          Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is

thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED

DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.

Dated: 11/04/22

**Lisette Marie Reid**
**UNITED STATES MAGISTRATE JUDGE**

# MINUTE ORDER

## Magistrate Judge Lisette Marie Reid

**Atkins Building Courthouse - 3rd Floor**      Date: 11/04/22      Time: 2:00 p.m.

Defendant: Raymond Cholod      J#: 07720-506      Case #: 22-MJ-03889-REID

AUSA: Eli Rubin      Attorney: AFPD, Aimee Ferrer

Violation: Warr/Complaint/District/Columbia Assaulting, Resisting, or Impeding Certain Officers      Surr/Arrest Date: 11/04/22      YOB: 1970

Proceeding: Initial Appearance      CJA Appt:

Bond/PTD Held: ○ Yes  ○ No      Recommended Bond: Temporary Pretrial Detention

Bond Set at:      Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs

Language: English

☐ Report to PTS as directed/ _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____
   Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☐ Other: _____

Disposition:
Brady Order given. The motion to UNSEALED the case GRANTED by the Court. Defendant sworn and AFPD. Defendant WAIVED Removal/ Identity Hearing in open court. Bond Hearing set by the Court. Removal Order needs to be signed at the Bond Hearing.

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**  Date:      Time:      Judge:      Place:

Report RE Counsel:

Bond Hearing: 11/7/2022 at 10am (Miami Duty Court)

Removal: 11/7/2022 at 10am (Miami Duty Court)

Status Conference RE:

D.A.R. LMR: 14:04:21; 14:22:26      Time in Court: 29 mins.

s/Lisette Marie Reid      Magistrate Judge

United States of America
       Plaintiff,

    v.

RAYMOND CHOLOD,
       Defendant.

_____/

### ORDER OF REMOVAL

It appearing that in the **District of Columbia**, an Indictment was filed against the above-named defendant on a charge of **WARR/COMPLAINT/DISTRICT/COLUMBIA/ASSAULTING, RESISTING OR IMPEDING CERTAIN OFFICERS**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Jacqueline Becerra at Miami, Florida, which officially committed the defendant for removal to the **District of Columbia**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Jacqueline Becerra for removal and posted bail in the amount of **$50K PSB** which was approved by the United States Magistrate Judge Jacqueline Becerra, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on 11/7/2022.

Jacqueline Becerra
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Raymund Joseph Cholod,<br>a/k/a "Raymond Cholod"<br>DOB: XXXXXX | )<br>)<br>)<br>)<br>)<br>)<br>) |

Defendant(s)

Case: 1:22–mj–00237
Assigned To : Magistrate Judge Upadhyaya, Moxila A.
Assign. Date : 11/2/2022
Description: Complaint w/ Arrest Warrant

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the

_____ in the District of ___Columbia___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers) , | |
| 18 U.S.C. § 1751(a)(1) and (b)(1)(A) (Entering and Remaining in a Restricted Building or<br>Grounds with a Deadly or Dangerous Weapon) , | |
| 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building<br>or Grounds with a Deadly or Dangerous Weapon) . | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
Complainant's signature

_____Nichole Lynn Jasper , Special Agent_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____11/02/2022_____

_____
Judge's signature

Digitally signed by Moxila A.
Upadhyaya
Date: 2022.11.02 13:05:04 -04'00'

City and state: _____Washington, D.C._____

_Moxila A. Upadhyaya, U.S. Magistrate Judge_
Printed name and title

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No: |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | |
| RAYMUND JOSEPH CHOLOD | : | **18 U.S.C. § 111(a)(1)** |
| a/k/a "Raymond Cholod," | : | **(Assaulting, Resisting, or Impeding Certain** |
| | : | **Officers)** |
| Defendant. | : | |
| | : | **18 U.S.C. § 1751(a)(1) and (b)(1)(A)** |
| | : | **(Entering and Remaining in a Restricted** |
| | : | **Building or Grounds with a Deadly or** |
| | : | **Dangerous Weapon)** |
| | : | |
| | : | **18 U.S.C. § 1752(a)(2) and (b)(1)(A)** |
| | : | **(Disorderly and Disruptive Conduct in a** |
| | : | **Restricted Building or Grounds with a** |
| | : | **Deadly or Dangerous Weapon)** |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## AND ARREST WARRANT

I, Nichole L. Jasper, being first duly sworn, hereby depose and state as follows:

## PURPOSE OF AFFIDAVIT

1.     I make this affidavit in support of an application for an arrest warrant for

RAYMUND JOSEPH CHOLOD.

## AGENT BACKGROUND

2.     I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and, as such,

am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure

41(a)(2)(C). I am currently assigned to the FBI's Tampa Division, Domestic Terrorism Joint

Terrorism Task Force ("JTTF"). In my duties as a special agent, I am assigned to investigate

Case: 1:22–mj–00237
Assigned To : Magistrate Judge Upadhyaya, Moxila A.
Assign. Date : 11/2/2022
Description: Complaint w/ Arrest Warrant

1

domestic terrorism cases, racially motivated violent crimes, and anti-government crimes. I successfully completed 21 weeks of New Agent Training at the FBI Academy in August 2021. During that time, I was trained in federal investigations, including domestic terrorism investigations. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021.

3.　　　I am one of the investigators assigned to an ongoing investigation by the FBI, United States Capitol Police ("USCP"), Metropolitan Police Department ("MPD"), and other law enforcement agencies, of riots and civil disorder that occurred on January 6, 2021, in and around the United States Capitol grounds. Since I became involved in this investigation on January 6, 2021, I have conducted interviews, reviewed public tips, reviewed publicly available photos and video, and reviewed relevant documents, among other things.

4.　　　The facts in this affidavit come from my review of the evidence, my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. Except as explicitly set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I have hearsay knowledge. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## **BACKGROUND**

5.　　　The United States Capitol is secured 24 hours a day by USCP. Restrictions around the United States Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification are allowed access inside the United

2

States Capitol. On January 6, 2021, the exterior plaza of the United States Capitol was also closed to members of the public.

6. On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, located at First Street SE, in Washington, D. C. During the joint session, elected members of the United States House of Representatives and Senate met in the United States Capitol to certify the vote count of the Electoral College for the 2020 Presidential Election, which took place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Michael R. Pence was present and presiding, first in the joint session, and then in the Senate chamber.

7. As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the United States Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the United States Capitol building and USCP were present, attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

8. At such time, the certification proceedings were underway, the exterior doors and windows of the Capitol were locked or otherwise secured. Members of the USCP attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the USCP, as others in the crowd encouraged and assisted those acts.

9. Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President

Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

10.　　During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the United States Capitol building without authority to be there.

## STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE

**A. The Defendant**

11.　　In the days following January 6, 2021, the FBI Washington Field Office ("WFO") opened a file on an unknown male subject who would later be identified as RAYMUND JOSEPH CHOLOD. WFO posted to the Internet a "Be on the Lookout" ("BOLO") for the individual depicted below (at the time referred to as "260-AFO"):





*260-AFO A*          *260 AFO-B*          *260 AFO-C*

12. On or about February 12, 2022, the FBI received a tip from a confidential source ("CS-1") that 260-AFO was possibly "Ray Cholard" who resided in Tallahassee, Florida. CS-1 provided a link to a publicly accessible website of a Tampa Bay, Florida-based organization (the "Organization"), which redirected to a YouTube page that contained a video that listed "Ray Cholod"[1] as a guest speaker at the Organization in a video dated May 9, 2017. I have since reviewed the Organization's website, as well as the affiliated YouTube page, and have observed that the individual listed as "Ray Cholod" closely resembles 260-AFO, including that each has a distinctive scar on his face.

13. Based on my review of law enforcement databases, I have determined that the address of a particular motel in St. Petersburg, Florida (the "Motel") was associated with CHOLOD.

---

[1] I believe that "Cholard" was either a mis-typing or misspelling of "Cholod."

14.     On or about May 10, 2022, I interviewed an individual ("Person-1") who worked at the Motel. I showed Person-1 three photographs -- two photographs of BOLO 260-AFO from the January 6, 2021 riot in Washington, D.C. and one photograph of "Ray Cholod" from the Organization's website. Person-1 stated that the individual in the pictures "looked familiar" and had stayed at the Motel in 2019 and previously. Person-1 recalled the person's name was "Ray" and then spelled the person's name as "C-H-O-L-O-D, CHOLOD."

15.     I then spoke to another individual ("Person-2") and showed Person-2 the three photographs described in paragraph 14. Person-2, who also worked at the Motel, was able to identify the person in the photographs as Ray Cholod who had stayed at the Motel in 2019.

16.     On or about May 31, 2021, I interviewed an individual ("Person-3") and showed Person-3 the three photographs described in paragraph 14. Person-3 identified the person in the photographs as Raymund Cholod who was an individual with whom Person-3 had worked in the past. Person-3 was a direct supervisor of Raymund Cholod when they worked together.

17.     I have reviewed photographs and video from the January 6, 2021 riot in Washington, D.C., specifically incidents depicting BOLO 260-AFO and the involvement of BOLO 260-AFO in the riot. I have also reviewed a known image of Raymund Joseph Cholod from a Florida Driver's License issued to Raymund Joseph Cholod. Based on that review, I have observed that 260-AFO and Raymond Joseph Cholod very closely resemble each other. Based on my review of Florida Driver and Vehicle Information Database, I have also learned that, on or about September 26, 2016, Raymond Cholod requested that the name on his driver's license be changed to "Raymund."

6

18.     Based on the information outlined above, I believe that AFO-260 is RAYMUND JOSEPH CHOLOD.

## B. The Defendant's Conduct on January 6, 2021

19.     On January 6, 2021, a stage for the Presidential Inauguration was being constructed on a terrace on the west side of the Capitol building (the "Lower West Terrace"). At approximately 2:40 p.m., police officers entered a passageway that connected the Lower West Terrace and the interior of the U.S. Capitol building (the "Tunnel") and began to form a protective line with riot shields behind a set of glass doors inside of the Tunnel . Soon thereafter, numerous rioters entered the Tunnel passing through an arched entrance (the "Archway"). At approximately 2:41 p.m., CHOLOD walked through the Archway and entered the Tunnel, as depicted below:



20.     Another individual in the Archway filmed a clear view of CHOLOD's face as he turned around to briefly face the Lower West Terrace:



21.     CHOLOD watched as other rioters exited the Tunnel, then himself advanced farther into the Tunnel, towards the interior of the Capitol building, until he was positioned immediately in front of the line of police officers:

8





9

22.     CHOLOD pointed and shook his finger at the officers and shouted, "This is our house . . . This is our fucking house. They fucking stole it and you fucking know it. They stole it and you know it. They fucking stole it." ·



23. At approximately 2:45 p.m., CHOLOD pushed his arm and elbow into a police officer's face and neck, as depicted below:



11

15

24.     Less than a minute later, CHOLOD first pushed against a police riot shield, then grabbed it and attempted to pull it away from police officers, as depicted below:



12

 

13



14

25.     Later in the day, CHOLOD was positioned on a set of steps on the Lower West Terrace leading up to the entrance to the Tunnel:



26.     CHOLOD bent over as though to pick something up. When he stood up, he was holding what appears to be a baton or a stick. CHOLOD then threw the item toward the entrance to the Tunnel, where a line of police officers was positioned.

15





16

## CONCLUSION

27.     Based on the foregoing, your Affiant submits that there is probable cause to believe that:

a.     RAYMUND JOSEPH CHOLOD violated 18 U.S.C. §§ 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers or Employees), which make it unlawful to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in Section 1114 of Title 18 while engaged in or on account of the performance of official duties. For purposes of Section 111 of Title 18, United States Capitol Police Officers and Metropolitan Police Department Officers who responded to assist United States Capitol Police Officers on January 6, 2021 constitute persons designated in Section 1114 of Title 18.

b.     RAYMUND JOSEPH CHOLOD violated 18 U.S.C. § 1752(a)(1) and (2), and (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds and Disorderly and Disruptive Conduct in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions, and provides additional penalties for anyone who, during an in relation to the offense uses or carries a deadly or dangerous weapon. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will

17

be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

_Nichole Jasper_
Nichole L. Jasper
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 2nd day of November 2022.

_M. A. Upad_

Digitally signed by Moxila A.
Upadhyaya
Date: 2022.11.02 13:03:29
-04'00'

MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

18

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Raymund Joseph Cholod,<br>a/k/a "Raymond Cholod"<br><br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Case: 1:22–mj–00237<br>Assigned To : Magistrate Judge Upadhyaya, Moxila A.<br>Assign. Date : 11/2/2022<br>Description: Complaint w/ Arrest Warrant |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*                           Raymund Joseph Cholod                           ,

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment     ❏ Superseding Indictment     ❏ Information     ❏ Superseding Information     ☒ Complaint

❏ Probation Violation Petition     ❏ Supervised Release Violation Petition     ❏ Violation Notice     ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers)  ;

18 U.S.C. § 1751(a)(1) and (b)(1)(A)  (Entering and Remaining in a Restricted Building or Grounds with a
Deadly or Dangerous Weapon) ;

18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds
with a Deadly or Dangerous Weapon) .

Date:     11/02/2022

Digitally signed by Moxila A.
Upadhyaya
Date: 2022.11.02 13:05:49 -04'00'

*Issuing officer's signature*

City and state:     Washington, D.C.

Moxila  A. Upadhyaya, U.S. Magistrate Judge

*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)*  11-2-22  , and the person was arrested on *(date)*  11-3-22<br>at *(city and state)*  Miami, FL  .<br><br>Date:  11-3-22<br><br>*Arresting officer's signature*<br><br>Stephen May, Special Agent<br>*Printed name and title* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No: 1:22-mj-03889-Reid |
| v. | VIOLATIONS: |
| RAYMUND JOSEPH CHOLOD<br>a/k/a "Raymond Cholod," | 18 U.S.C. § 111(a)(1)<br>(Assaulting, Resisting, or Impeding Certain Officers) |
| Defendant. | |
| | 18 U.S.C. § 1751(a)(1) and (b)(1)(A)<br>(Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon) |
| | 18 U.S.C. § 1752(a)(2) and (b)(1)(A)<br>(Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon) |

## ORDER

This matter having come before the Court pursuant to the application of the United States to seal criminal complaint, the Court finds that, because of such reasonable grounds to believe the disclosure will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and serious jeopardy to the investigation, the United States has established that a compelling governmental interest exists to justify the requested sealing.

1.      IT IS THEREFORE ORDERED that the application is hereby GRANTED, and that the affidavit in support of criminal complaint and other related materials, the instant application to seal, and this Order are sealed until the arrest warrant is executed.

Case: 1:22-mj-00237
Assigned To : Magistrate Judge Upadhyaya, Moxila A.
Assign. Date: 11/2/2022
Description: Complaint w/ Arrest Warrant

4

2.    IT IS FURTHER ORDERED that the Clerk's office shall delay any entry on the

public docket of the arrest warrant until it is executed.

Date:

*M.A. Upadhyaya*

Digitally signed by Moxila A. Upadhyaya
Date: 2022.11.02 13:04:32 -04'00'

MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.    22-3889-REID

UNITED STATES OF AMERICA,

     Plaintiff,

v.

RAYMUND JOSEPH CHOLOD,

     Defendant.

_____/

## DEFENDANT'S INVOCATION OF
## RIGHTS TO SILENCE AND COUNSEL

The defendant named above does hereby invoke his or her rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to:   matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

The Defendant requests that the United States Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant.  Any contact with the Defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully Submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:      s/*Aimee Ferrer*
Aimee Ferrer
Assistant Federal Public Defender
Florida Bar No.: 17827
150 W. Flagler Street, Suite 1700
Miami, Florida 33130
Tel: (305) 530-7000
Email: aimee_ferrer@fd.org

2

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on **November 8, 2022**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  _s/ Aimee Ferrer_

CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:22-mj-03889-LMR-1

Case title: USA v. Cholod

Date Filed: 11/04/2022

Date Terminated: 11/07/2022

Assigned to: Magistrate Judge Lisette M.
Reid

**Defendant (1)**

**Raymund Joseph Cholod**                          represented by   **Noticing FPD-MIA**
07720-506                                                           305-530-7000
*ENGLISH YOB 1970*                                                  Email: MIA_ECF@FD.org
*TERMINATED: 11/07/2022*                                            *LEAD ATTORNEY*
*also known as*                                                     *ATTORNEY TO BE NOTICED*
Raymond Cholod                                                      *Designation: Public Defender Appointment*
*TERMINATED: 11/07/2022*

**Pending Counts**                                 **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                              **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                     **Disposition**

COPY OF
WARRANT/COMPLAINT/DISTRICT OF
COLUMBIA/ASSAULTING, RESISTING,
OR IMPEDING CERTAIN
OFFICERS/ENTERING AND
REMAINING IN A RESTRICTED
BUILDING OR GROUNDS WITH A
DEADLY OR DANGEROUS
WEAPON/DISORDERLY AND

DISRUPTIVE CONDUCT IN A
RESTRICTED BUILDING OR GROUNDS
WITH A DEADLY OR DANGEROUS
WEAPON

**Plaintiff**

**USA**                                    represented by **Noticing AUSA CR TP/SR**
                                           Email: Usafls.transferprob@usdoj.gov
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*
                                           *Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/04/2022 | 1 | Magistrate Judge Removal Case. Copy of Warrant/Complaint received from the District of Columbia as to Raymund Joseph Cholod (1). (sl) (Entered: 11/07/2022) |
| 11/04/2022 | 2 | ORDER UNSEALING CASE as to Raymund Joseph Cholod. Signed by Magistrate Judge Lisette M. Reid on 11/4/2022. *See attached document for full details.* (sl) (Entered: 11/07/2022) |
| 11/04/2022 | 3 | Minute Order for proceedings held before Magistrate Judge Lisette M. Reid: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Raymund Joseph Cholod held on 11/4/2022. Date of Arrest or Surrender: 11/4/22. Case unsealed. Defendant waived removal. Removal order needs to be signed at the bond hearing. Bond Hearing set for 11/7/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Removal Hearing set for 11/7/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Attorney added: Noticing FPD-MIA for Raymund Joseph Cholod (Digital LMR 14:04:21; 14:22:26) Signed by Magistrate Judge Lisette M. Reid on 11/4/2022. (sl) (Entered: 11/07/2022) |
| 11/04/2022 | 4 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Raymund Joseph Cholod (sl) (Entered: 11/07/2022) |
| 11/07/2022 | 5 | $50K PSB Bond Entered as to Raymund Joseph Cholod Approved by Magistrate Judge Jacqueline Becerra. *Please see bond image for conditions of release.* (sl) (Additional attachment(s) added on 11/7/2022: # 1 Restricted Bond with 7th Page) (sl). (Entered: 11/07/2022) |
| 11/07/2022 | 6 | Minute Entry for proceedings held before Magistrate Judge Jacqueline Becerra: Status Conference re bond/removal hearings as to Raymund Joseph Cholod held on 11/7/2022. Court accepts waiver and orders defendant removed to D.C. Stipulated bond entered $50K PSB. (Digital 10:55:11) (sl) (Entered: 11/07/2022) |
| 11/07/2022 | 7 | ORDER OF REMOVAL ISSUED. Defendant Ordered removed to District of Columbia as to Raymund Joseph Cholod. Closing Case for Defendant. Signed by Magistrate Judge Jacqueline Becerra on 11/7/2022. *See attached document for full details.* (sl) (Entered: 11/08/2022) |
| 11/08/2022 | 8 | Notice of Criminal Transfer to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Raymund Joseph Cholod. Your case number is: 22-mj-237. Docket sheet and documents attached. If you require certified copies of any documents, please call our Records Section at 305-523-5210. *Attention Receiving Court: If you wish to designate a different email address for future transfers, send your request to TXND at: InterDistrictTransfer_TXND@txnd.uscourts.gov.* (sl) (Entered: 11/08/2022) |

| 11/08/2022 | 9 | Invocation of Right to Silence and Counsel by Raymund Joseph Cholod (Ferrer, Aimee) (Entered: 11/08/2022) |